UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CALVIN WALKER,<br><br>Plaintiff,<br><br>v.<br><br>GANNETT SATELLITE INFORMATION NETWORK, LLC d/b/a USA TODAY and THE PROVIDENCE JOURNAL, TOM MOONEY, KATIE MULVANEY,<br><br>Defendants. | C.A. No. 1:25-cv-00146-MRD-PAS |

**PRESS DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SIXTH AMENDED COMPLAINT**

Stephen M. Prignano (3649)
McIntyre Tate LLP
50 Park Row West, Suite 109
Providence, RI 02903
(401) 351-7700
Fax: (401) 331-6095
Email: SPrignano@McIntyreTate.com

Michael J. Grygiel (admitted *pro hac vice*)
Kelly L. McNamee (admitted *pro hac vice*)
Amanda S. Coleman (admitted *pro hac vice*)
Joshua A.L. Nacht (admitted *pro hac vice*)
Foley Hoag LLP
1301 Avenue of the Americas
New York, NY 10019
Tel.: (212) 812-0400
mgrygiel@foleyhoag.com
kmcnamee@foleyhoag.com
acoleman@foleyhoag.com
jnacht@foleyhoag.com

*Counsel for Defendants Gannett Satellite Information Network LLC d/b/a USA TODAY and Katie Mulvaney*

Gannett Satellite Information Network, LLC d/b/a USA TODAY and Katie Mulvaney (collectively, "Press Defendants") respectfully submit this Memorandum of Law in opposition to Plaintiff Calvin Walker's Motion for Leave to File Sixth Amended Complaint ("Motion to Amend") pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.

## I. PLAINTIFF'S PROPOSED AMENDMENT WOULD BE FUTILE

A motion for leave to amend should be denied as futile if, even as amended, the Complaint "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996); *Todisco v. Verizon Communications, Inc.*, 497 F.3d 95, 98 (1st Cir. 2007) ("Futility of the amendment constitutes an adequate reason to deny the motion to amend"); *Abraham v. Woods Hole Oceanographic Institution*, 553 F.3d 114, 116 (1st Cir. 2009) (same). Even under the liberal standard afforded pro se litigants, courts deny motions for leave to amend when the proposed amendment would be futile. *Cesario v. Bergquist*, 2006 U.S. Dist. LEXIS 10141, *13 (D.R.I. Mar. 10, 2006).

All but conceding that no private right of action exists under Rhode Island's criminal larceny statute, Plaintiff seeks leave to amend his complaint — for a sixth time — to recharacterize his larceny claim as one for conversion. That amendment would be futile because Plaintiff is unable to state a conversion claim as a matter of law. The mere use or dissemination of another's intellectual property "does not amount to conversion under Rhode Island law" when "the information and procedures constitute ideas that remain in [Plaintiff's] possession." *Pagidas v. Buster*, 2016 U.S. Dist. LEXIS 200966, *14 (D.R.I. Nov. 16, 2016). Plaintiff fails to allege that any right of possession he had over the intellectual property at issue was ever interrupted. *See id.* at *14-15 (finding conduct does not amount to conversion where "it is not 'inconsistent with [Plaintiff's] right of possession' in that [h]e remains free to use [or] exploit [] them as [h]e chooses"

(quoting *Narragansett Elec. Co. v. Carbone*, 898 A.2d 87, 96-97 (R.I. 2006))). Nor could he. As Plaintiff's own filings demonstrate, the intellectual property that Plaintiff alleges he was "induced . . . to share . . . under false pretenses" remains in Plaintiff's possession. ECF No. 42-1 at 20. Otherwise, he could not have attached them as "appendices" to the Motion to Amend. *See* ECF No. 42-2.

## II. PLAINTIFF'S COURSE OF CONDUCT SUGGESTS DELAY, BAD FAITH, AND AN INABILITY TO STATE A CLAIM AGAINST PRESS DEFENDANTS

As the Supreme Court has recognized, there are many reasons — in addition to futility — to deny a motion to amend, *inter alia*: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff has now sought leave to amend his complaint five times over the course of 15 months. This is in addition to his submission of two other motions during that time, seeking, among other things, a premature status conference while Press Defendants' motion to dismiss was pending (ECF No. 34) and leave to file a "document declaration" (ECF No. 43). Such a course of conduct, coupled with the futility of his proposed amendment, suggests — at best — an inability to state a claim against Press Defendants or — at worst — bad faith. Press Defendants would be prejudiced in either event. *See Northern Ins. Co. v. Albin Mfg.*, 2008 U.S. Dist. LEXIS 132225, *4 (D.R.I. May 8, 2008) ("Without a valid reason for the delay, the Court cannot justify the inevitable prejudice that will result to the Defendants who would be faced with an entirely new cause of action.").

## CONCLUSION

For the reasons set forth herein, the Court should deny Plaintiff's Motion to Amend.

Dated: September 28, 2026

Respectfully submitted,
*/s/ Stephen M. Prignano*
Stephen M. Prignano (3649)
McIntyre Tate LLP
50 Park Row West, Suite 109
Providence, RI 02903
(401) 351-7700
Fax: (401) 331-6095
Email: SPrignano@McIntyreTate.com

Michael J. Grygiel (admitted *pro hac vice*)
Kelly L. McNamee (admitted *pro hac vice*)
Amanda S. Coleman (admitted *pro hac vice*)
Joshua A.L. Nacht (admitted *pro hac vice*)
Foley Hoag LLP
1301 Avenue of the Americas
New York, NY 10019
Tel.: (212) 812-0400
mgrygiel@foleyhoag.com
kmcnamee@foleyhoag.com
acoleman@foleyhoag.com
jnacht@foleyhoag.com

*Counsel for Defendants Gannett Satellite Information Network (aka USA TODAY) and Katie Mulvaney*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September 2026, I caused a copy of the above document to be delivered by first class mail to:

Calvin R. Walker, Sr.
#70867
Medium Security – John J. Moran Facility
P.O. Box 8274
Cranston, RI 02920
PRO SE
LEGAL MAIL

Calvin R. Walker, Sr., Pro Se
Medium Security Facility
51 West Road
Cranston, RI 02920
LEGAL MAIL

*/s/ Stephen M. Prignano*
Stephen M. Prignano (3649)