UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CALVIN WALKER,

Plaintiff,

v.

GANNETT SATELLITE INFORMATION NETWORK, LLC d/b/a USA TODAY and THE PROVIDENCE JOURNAL, TOM MOONEY, KATIE MULVANEY,

Defendants.

C.A. No. 1:25-cv-00146-MRD-RLA

**MEMORANDUM OF LAW IN SUPPORT OF PRESS DEFENDANTS' MOTION FOR LIMITED INJUNCTIVE RELIEF**

Stephen M. Prignano (3649)
McIntyre Tate LLP
50 Park Row West, Suite 109
Providence, RI 02903
(401) 351-7700
Fax: (401) 331-6095
Email: SPrignano@McIntyreTate.com

Michael J. Grygiel (admitted *pro hac vice*)
Kelly L. McNamee (admitted *pro hac vice*)
Amanda S. Coleman (admitted *pro hac vice*)
Joshua A.L. Nacht (admitted *pro hac vice*)
Foley Hoag LLP
1301 Avenue of the Americas
New York, NY 10019
Tel.: (212) 812-0400
mgrygiel@foleyhoag.com
kmcnamee@foleyhoag.com
acoleman@foleyhoag.com
jnacht@foleyhoag.com

*Counsel for Defendants Gannett Satellite Information Network LLC d/b/a USA TODAY and Katie Mulvaney*

Press Defendants[1] move this Court for an Order enjoining Plaintiff from filing any further amended complaints or motions for leave to amend until the Court rules on Press Defendants' pending Motion to Dismiss Plaintiff's Fifth Amended Complaint (ECF No. 33) (the "Motion to Dismiss").

"Where[, as here,] a litigant has demonstrated a propensity to file repeated suits, involving the same or similar claims of a frivolous or vexatious nature, a bar on further filings is appropriate." *Seguin v. Textron*, *Inc.*, 2014 U.S. Dist. LEXIS 59137, *6 (D.R.I. Apr. 25, 2014). Even before Press Defendants were served, Plaintiff's repeated efforts to amend invited criticism from the Court. (Text Order, Nov. 13, 2025) (explaining the Court "will allow one final amendment[.] Thereafter, the Court will not entertain any additional amendments to the Complaint until the Defendants have been served with Plaintiff's Fifth Amended Complaint and responded.")

On June 5, 2026, following service of Plaintiff's Fifth Amended Complaint, Press Defendants moved to dismiss Plaintiff's claims in their entirety. (ECF No. 33) Plaintiff's opposition to the Motion to Dismiss made no mention of an amendment and contained no request to amend his Complaint should the Court grant the Motion to Dismiss. (ECF No. 39) After briefing on the still-pending Motion to Dismiss closed, Plaintiff filed two motions for leave to amend his complaint. (ECF Nos. 42, 45) While Press Defendants acknowledge that leave to amend is to be liberally granted, particularly in cases involving *pro se* plaintiffs, they nevertheless submit that continued iterative efforts by Plaintiff to amend — at least while Press Defendants' Motion to Dismiss is pending — would amount to a waste of judicial resources and both parties' time and expense. The more reasonable and efficient course would be to enjoin Plaintiff from continuing his pattern until a ruling on the pending Motion to Dismiss is issued. Doing so would

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in Press Defendants' Motion to Dismiss (ECF No. 33).

allow all parties to consider next steps with the benefit of the Court's ruling on the sufficiency of Plaintiff's Fifth Amended Complaint. Allowing Plaintiff's pattern to continue would only muddy the issues currently pending before the Court, resulting in additional wasted time and potential confusion as to the operative pleading.

The injunction sought herein is both appropriate under the circumstances and narrowly tailored to those specific circumstances. *Cok v. Family Court*, 985 F.2d 32, 34-35 (1st Cir. 1993) (explaining that injunctions against *pro se* plaintiffs must be "tailored to the specific circumstances presented"). The requested injunction would merely restrain Plaintiff from filing any further amended complaints or motions for leave to amend until the Court rules on the Motion to Dismiss — it would "place[] no limits on any other sorts of filings." *Hart v. United States*, 1994 U.S. App. LEXIS 5169, *5 (1st Cir. Mar. 22, 1994). Press Defendants' Motion for Limited Injunctive Relief provides Plaintiff with the requisite advance notice and opportunity to respond. *Cok*, 985 F.2d at 35 ("[a]dequate notice" requires that the enjoined party be given an opportunity to respond, even "informal[ly]").

## CONCLUSION

For the reasons set forth herein, the Court should issue an order enjoining Plaintiff from filing any further amended complaints or motions for leave to amend until the Court rules on the Motion to Dismiss.

Dated: November 2, 2026

Respectfully submitted,

*/s/ Stephen M. Prignano*
Stephen M. Prignano (3649)
McIntyre Tate LLP
50 Park Row West, Suite 109
Providence, RI 02903
(401) 351-7700
Fax: (401) 331-6095
Email: SPrignano@McIntyreTate.com

Michael J. Grygiel (admitted *pro hac vice*)
Kelly L. McNamee (admitted *pro hac vice*)
Amanda S. Coleman (admitted *pro hac vice*)
Joshua A.L. Nacht (admitted *pro hac vice*)
Foley Hoag LLP
1301 Avenue of the Americas
New York, NY 10019
Tel.: (212) 812-0400
mgrygiel@foleyhoag.com
kmcnamee@foleyhoag.com
acoleman@foleyhoag.com
jnacht@foleyhoag.com

*Counsel for Defendants Gannett Satellite Information Network (aka USA TODAY) and Katie Mulvaney*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of November 2026, I caused a copy of the above document to be delivered by first class mail to:

Calvin R. Walker, Sr.
#70867
Medium Security – John J. Moran Facility
P.O. Box 8274
Cranston, RI 02920
PRO SE
LEGAL MAIL

Calvin R. Walker, Sr., Pro Se
Medium Security Facility
51 West Road
Cranston, RI 02920
LEGAL MAIL

*/s/ Stephen M. Prignano*
Stephen M. Prignano (3649)